UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| **ROBERT VISCONTI,** 4614 Farcrest Court Cincinnati, OH 45247 | : : : : | CASE NO.  1:20-cv-818 |
| **Plaintiff,** | : : | **JUDGE** |
| v. | : : : | |
| **MAILENDER, INC.,** c/o Statutory Agent QI Services, Inc. 150 E. Fourth St., 4th Floor Cincinnati, OH 45202 | : : : : : : | **COMPLAINT WITH JURY DEMAND ENDORSED HEREON** |
| **Defendant.** | : | |

## **PARTIES**

1. Plaintiff Robert Visconti is a resident and citizen of the State of Ohio.

2. Defendant Mailender, Inc. ("Mailender") is an Ohio corporation with its principal place of business located at 9500 Glades Drive, Hamilton, Ohio 45011.

## **JURISDICTION AND VENUE**

3. This Court has personal jurisdiction over Defendant Mailender because Mailender has its principal place of business and transacts business in this District and Division.

4. This Court has jurisdiction to hear this case pursuant to 28 U.S.C. § 1331 because it arises under the laws of the United States, specifically the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. § 621 *et seq.* and the Americans with Disabilities Act Amendments Act ("ADAAA"), 42 U.S.C. § 12101 *et seq.*

5. This Court has supplemental jurisdiction over the state law claims in this Complaint pursuant to 28 U.S.C. § 1367 as Plaintiff's state law claims are so related to his

1

federal claims, over which the Court has original jurisdiction, that they form part of the same case or controversy.

6. Venue is proper in the Southern District of Ohio, Western Division, pursuant to 28 U.S.C. § 1391(b), because Defendant employed Plaintiff in this District and Division.

7. Plaintiff filed a timely charge of discrimination with the Equal Employment Opportunity Commission which issued him a notice of suit rights on July 21, 2020 (attached as Exhibit A.)

## FACTUAL ALLEGATIONS

8. Plaintiff is 59 years old and was born in 1960.

9. Plaintiff was hired by Defendant as an Outside Sales Consultant beginning on June 16, 2008, and held that position until his termination.

10. At all times relevant to this Complaint, Plaintiff was fully qualified for his position. Several years ago Plaintiff was diagnosed with Attention Deficit Disorder, a disability as defined by the ADAAA. Plaintiff's disability was known to Defendant and that he took medication for the condition.

11. Plaintiff received merit-based raises each of the last six years of his employment with Defendant.

12. In early 2019, Plaintiff approached his supervisor, Bruce Baker, to discuss his concerns with his health. Plaintiff informed Mr. Baker that he was experiencing some undetermined issues with his memory.

13. Plaintiff also informed Mr. Baker that he would have tests done to determine the cause of these problems.

14. In April 2019, Plaintiff underwent a neuropsychological examination.

15. At that time, Plaintiff was diagnosed Cognitive Impairment and Memory Loss of Unknown Cause.

16. Later in 2019, Mr. Baker asked to meet with Plaintiff and remarked to him that he "wasn't acting like himself." Plaintiff explained to Mr. Baker that the doctors had recommended further evaluation to determine the source of the problem.

17. In 2018 and 2019, Plaintiff was among a group of thirteen (13) outside sales employees reporting to Mr. Baker and Frank Fowler.

18. Plaintiff generated the second most gross profit and the second highest gross profit percentage of all thirteen outside sales employees in 2013.

19. Although Defendant was losing some of its customers, Plaintiff's total sales and profit generated both increased by more than 10% in 2018.

20. Plaintiff was the second oldest employee among the entire outside sales team.

21. On Friday December 6, 2019, Plaintiff was abruptly terminated by Defendant allegedly due to a decrease in his sales in 2019 and a perceived failure to embrace new technology adopted by the company. However, at the time of his termination it was known to Defendant that Plaintiff had lost two of his larger accounts due to the customers being acquired which had nothing to do with his job performance.

22. Immediately after his termination on or about December 11, 2019, Defendant hired a substantially younger, non-disabled employee to replace him.

## COUNT I

### (Disability Discrimination—ADAAA)

23. Plaintiff realleges the foregoing paragraphs as if fully rewritten herein.

24. Plaintiff is a qualified individual with a disability as defined in the ADAAA.

25. Plaintiff could perform the essential functions of his job with or without reasonable accommodation.

26. Defendant intentionally, willfully, and wantonly discriminated against Plaintiff on account of his disability by terminating his employment and treating him differently than non-disabled employees in violation of the ADAAA.

27. As a direct and proximate result of Defendant's discriminatory conduct, Plaintiff has suffered damages for which he is entitled recovery.

## COUNT II

### (Disability Discrimination—ORC § 4112)

28. Plaintiff realleges the foregoing paragraphs as if fully rewritten herein.

29. Plaintiff is a qualified individual with a disability as defined by Ohio law.

30. Plaintiff could perform the essential functions of his job with or without reasonable accommodation.

31. Defendant intentionally, willfully, and wantonly discriminated against Plaintiff on the account of his disability and/or perceived disability by terminating his employment and treating him differently than non-disabled employees in violation of Ohio law.

32. As a direct and proximate result of Defendant's discriminatory conduct, Plaintiff has suffered damages for which he is entitled to recovery under O.R.C. § 4112.99.

## COUNT III

### (Age Discrimination—ADEA)

33. Plaintiff realleges the foregoing paragraphs as if fully rewritten herein.

34. Defendant unlawfully discriminated against Plaintiff on the basis of his age in violation of the ADEA by terminating his employment because of his age, replacing him with a substantially younger employee and treating Plaintiff less favorably than younger employees.

35. Defendant's actions were willful, wanton, malicious, and in reckless disregard of Plaintiff's rights.

36. Plaintiff has suffered damages as a direct and proximate result of Defendant's unlawful and discriminatory conduct, and is entitled to recovery pursuant to the ADEA.

## COUNT IV

### (Age Discrimination—ORC § 4112.14)

37. Plaintiff realleges the foregoing paragraphs as if fully rewritten herein.

38. Defendant unlawfully discriminated against Plaintiff on the basis of his age in violation of Ohio law by terminating his employment because of his age, replacing him with a substantially younger employee and treating Plaintiff less favorably than younger employees.

39. Defendant's actions were willful, wanton, malicious, and in reckless disregard of Plaintiff's rights.

40. Plaintiff has suffered damages as a direct and proximate result of Defendant's unlawful and discriminatory conduct, and is entitled to recovery pursuant to O.R.C. § 4112.14.

**WHEREFORE**, Plaintiff demands judgment against Defendant as follows:

(a) That defendant be enjoined from further unlawful conduct as described in the Complaint;

(b) That Plaintiff be reinstated to his employment;

(c) That Plaintiff be awarded all lost pay and benefits;

(d) That Plaintiff be awarded compensatory damages, including emotional distress;

(e) That Plaintiff be awarded punitive damages;

(f) That Plaintiff be awarded liquidated damages;

(g) That Plaintiff be awarded pre-judgment interest;

(h) That Plaintiff be compensated for the adverse tax consequences of receiving a lump sum award rather than his compensation over several, separate tax years;

(i) That Plaintiff be awarded reasonable attorneys' fees and costs; and

(j) That Plaintiff be awarded all other legal and equitable relief to which he may be entitled.

Respectfully submitted,

/s/ George M. Reul, Jr.
George M. Ruel, Jr. (0069992)
Trial Attorney for Plaintiff
FREKING MYERS & REUL LLC
600 Vine Street 9th Floor
Cincinnati, OH 45202
P: (513) 721-1975 | Fax: (513) 651-2570
*greul@fmr.law*

## JURY DEMAND

Plaintiff hereby demands a trial by jury on all matters so triable.

/s/ George M. Reul, Jr.
George M. Ruel, Jr. (0069992)